1
2
3
4
5
6
7
8                           UNITED STATES DISTRICT COURT
9                       FOR THE EASTERN DISTRICT OF CALIFORNIA
10

11   MICHAEL OROSCO,                              No.  2:17-cv-0627 GGH P
12              Petitioner,
13        v.                                      ORDER
14   U.S. DIVISION COURT,
15              Respondent.
16

17        Petitioner, a county prisoner proceeding pro se, has filed an application for a writ of

18   habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner has not, however, filed an in forma

19   pauperis affidavit or paid the required filing fee ($5.00).  See 28 U.S.C. §§ 1914(a); 1915(a).

20   Petitioner will be provided the opportunity to either submit the appropriate affidavit in support of

21   a request to proceed in forma pauperis or submit the appropriate filing fee.

22        As a threshold matter, however, the court must address the substance of the pleading filed

23   here.  Petitioner seeks only the production of a document in the possession of the District

24   Attorney of San Joaquin County where he was convicted.  ECF No. 1.  Petitioner is apprised that

25   the federal courts are without power to issue mandamus, or other documents of compulsion, to

26   direct state courts, state judicial officers, or other state officials in their to act or refrain from

27   acting within the powers of those offices.  Demos v. U.S. District U.S. District Court, 925 F/2d

28   1160, 1161 (9th Cir. 1966) citing 28 U.S.C. § 1651 and noting "that this court lacks jurisdiction to

                                                  1

1  issue a writ of mandamus to a state court"); <u>Clark v Washington</u>,  366 F.2d 678, 681 (9th

2  Cir. 1955)("The federal courts are without power to issue writs of mandamus to direct state courts

3  or their judicial officers in the performance of their duties[.]; <u>see also</u> <u>Newton v. Poindexter</u>, 578

4  F.Supp. 277, 279 (C.D.Cal. 1984)(§ 1361 has no application to state officers or employees);

5  <u>Dunlap v. Corbin</u>, 523 F.Supp. 183, 187 (D.Ariz. 1981)(finding that the court could not issue a

6  writ of mandamus directing state agency to provide plaintiff with a trial, aff'd without opinion,

7  673 F.2d 1337 (9th Cir. 1982); <u>Umbenhower v. Schwarzenneger</u>, No. C 10-01198 JW (PR), 2010

8  WL 4942512 at 1 (E.D. Cal. Nov. 24, 2010).  Because an effort to extract discovery documents

9  from a state official has the same compulsory aspect as does a writ of mandamus, the court cannot

10  act on petitioner's complaint as it now stands.

11          A habeas corpus petition, on the other hand, purports to challenge the sufficiency of the

12  trial petitioner received below and whether it conforms to the federal Constitutional limits as

13  imposed by the United States Supreme Court in its published decisions and the procedural

14  requirements found in The Antiterrorism and Effective Death Penalty Act ["AEDPA"], focusing

15  specifically on 28 U.S.C. section 2254(d).  If plaintiff believes he has a basis for a true habeas, the

16  court will permit him to file an amended petition for relief pursuant to AEDPA.

17          In light of the foregoing, IT IS HEREBY ORDERED THAT:

18          1.  Petitioner shall submit, within thirty days from the date of this order, an affidavit in

19  support of his request to proceed in forma pauperis or the appropriate filing fee; petitioner's

20  failure to comply with this order will result in the dismissal of this action;

21          2.  The Clerk of the Court is directed to send petitioner a copy of the in forma pauperis

22  form used by this district;

23          3.  Petitioner may amend his petition in the manner described above within 45 days of the

24  issuance of this Order if he so desires.

25          **IT IS SO ORDERED.**

26  Dated: April 6, 2017

27                          <u>/s/ Gregory G. Hollows</u>
                          UNITED STATES MAGISTRATE JUDGE

28

2